court would require the executor or administrator to give sufficient security; or if it clearly appeared, that all the debts of the deceased had been discharged, would direct the surplus to be paid to the devisee or heir; or, if there were even a remote probability that any debts remained unpaid, would require him to give security.

In the case before the court, it appears that the executor has passed a further administration account before the register of New Castle county, in which he has charged himself with the surplus received from the sheriff. The plaintiffs have the right to apply to the register to order the executor to give further security. It appears that they permitted the sheriff to pay the surplus to the executor, without giving him notice or making an objection; and nothing is shown to this court, to create even a doubt, as to his ability to discharge his trust; or as to his fidelity.

*The Court* are of opinion, that the payment made by the defendant, as sheriff, to the executor of Frederick Ford, deceased, is a legal payment; and therefore, that judgment be rendered for the defendant.

*Mr. Bayard,* for the heirs.
*Mr. Gray,* for the sheriff.

---

BANK OF WILMINGTON AND BRANDYWINE *vs.* GEORGE G. SHARPE.

Judgment against one of three joint obligors vacated for want of authority to enter it severally.

JUDGMENT d. s. b.; confessed Oct. 21, 1833, for $1,267 57; interest from August 17, 1833.

Rule to show cause why the judgment should not be set aside; and why the plaintiff should not file a copy of the warrant of attorney, on which said judgment was confessed.

The rule was obtained on the motion of Mr. Bayard and affidavit of Jesse Sharp, administrator of George G. Sharpe, that the bond and warrant of attorney in this case was a joint bond and warrant of this defendant and two others, viz: James White and Robert Gardiner.

The President of the Bank made an affidavit that he could find

no bond and warrant of attorney among the papers of the Bank of Wilmington and Brandywine, that would authorize such a judgment against George G. Sharp alone. A judgment was entered November 22, 1848, against James White and Robert Gardiner, survivors of George G. Sharpe, for the real debt of $1,267 57; interest from August 17, 1833; which judgment was stricken off by the court, for want of a several warrant. No other bond was produced.

*Mr. Bayard.*—The bank produces no authority for the entry of this judgment. The bond produced, on which the last judgment was entered, is no doubt the same bond. The only question then is, whether this bond and warrant of attorney authorizes this judgment.

*Mr. Patterson.*—The presumptions after so great a time are in favor of this judgment.

Rule absolute.

*Patterson*, for plaintiff.
*J. A. Bayard*, for defendant.

---

### GEORGE HAMMER *vs.* ELIAS PIERCE.

Trespass lies by a father for a forcible injury to his son, *per quod*, &c.

TRESPASS assault and battery, *per quod*, the plaintiff lost the services of his son.

The action was for injuries to the plaintiff's son, by a blow from the defendant.

*Mr. Rogers*, for the defendant, raised and argued the question as to the form of action, contending that, on principle, it should be in case and not trespass. He cited 12 *Com. Law Rep*, 131; 13 *Ibid* 94; but

*The Court*, without hearing *Bradford* contra, decided that the action was well brought; and the plaintiff had a verdict.

*Bradford*, for plaintiff.
*Rogers*, for defendant.